UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL A ANDERSON,

Plaintiff,

v. Case No. 5:18cv182-MCR-HTC

ASA JUAN SALDIVAR, JR, et al.,

Defendants.

_______________________________/

REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. The complaint is now before the Court for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons which follow, the undersigned respectfully recommends that the complaint be dismissed for abuse of the judicial process. Plaintiff failed to disclose eight (8) prior cases that he filed, including one prior case which was dismissed for failure to state a claim.

Section VI of the civil rights complaint form filled out by Plaintiff, titled Previous Lawsuits, asks: "C. Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights

complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"; and "D. Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 1 at 4. The form requires Plaintiff to identify and describe any cases responsive to the questions.

In response to question C, about the filing of any other federal or state law suits, Plaintiff disclosed one state case he indicated dealt with the fact or manner of his incarceration, *Anderson v. DOC*, 2017-CA-001410, in the Second Circuit Court for Leon County. ECF Doc 1 at 4. In the response to question D, about dismissal of any case as failing to state a claim, etc., Plaintiff marked "no" and did not disclose any cases. *Id.*

At the end of the complaint, Plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." *Id.* at 7. Thus, Plaintiff has sworn that at the time he filed the complaint in this action, he had not had any federal cases dismissed as frivolous, malicious, failing to state a claim, or before service, and had not filed any federal cases related to the fact or manner of his incarceration. The complaint was signed and submitted to prison officials for mailing on August 9, 2018. *Id.*

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. In light of 28 U.S.C. § 1915(g),[1] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The Court may take judicial notice that at the time Plaintiff filed his complaint in this case, August 9, 2018, he had filed under his name and Florida Department of Corrections registration number, 817928, at least eight (8) cases which he failed to disclose to the Court:

- 5:03cv17, N.D. Fla. (habeas petition filed 1/27/03)
- 5:03cv257, N.D. Fla. (habeas petition filed 10/3/03)
- 5:04cv85, N.D. Fla. (habeas petition filed 4/6/04)
- 5:04cv164, N.D. Fla. (habeas petition filed 7/16/04)
- 3:04cv420, M.D. Fla (habeas petition filed 6/2/04)
- 8:04cv1300, M.D. Fla. (habeas petition filed 6/2/2004)
- 5:02cv283, N.D. Fla. (§ 1983 complaint about prison conditions, filed 9/3/02)

---

[1] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This three-strikes rule is not the basis for the recommendation of dismissal here because only one of the prior eight (8) cases was dismissed for failure to state a claim.

- 5:04cv44, N.D. Fla (§ 1983 complaint about prison conditions, dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). ECF Doc. 49 in that case)

Plaintiff did not disclose these prior federal actions despite the complaint form's clear instructions. The Court has reviewed the complaint, and Plaintiff does not allege an imminent threat of physical injury. ECF Doc. 1. The Court has the authority to control and manage matters such as this pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[2] (ECF Doc 1 at 3). If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished. An appropriate

[2] Plaintiff did not indicate he was unsure about his litigation history.

sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for Plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 30th day of April, 2019.

                          */s/ Hope Thai Cannon*
                          **HOPE THAI CANNON**
                          **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.